United States District Court
Southern District of Texas
**ENTERED**
August 20, 2026
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**LAREDO DIVISION**

| | | |
|---|---|---|
| **GABRIEL LOPEZ ARCE,** | § | |
| **Petitioner,** | § | |
| | § | |
| **V.** | § | **CIVIL ACTION NO. 5:26-CV-01310** |
| | § | |
| **DAVID VENTURELLA, *et. al.*,** | § | |
| **Respondents.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Petitioner's Petition for Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241 and Complaint for Declaratory Injunctive Relief, (Dkt. No. 1). Petitioner challenges his continued detention in federal immigration custody. After considering the petition, response, reply, and applicable law, the Court concludes that Petitioner's petition should be dismissed.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (citation omitted). When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a district court may dismiss the action based upon: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the Court's resolution of disputed facts. *Williams v. Wynne,* 533 F.3d 360, 365 n.2 (5th Cir. 2008). The party who invokes federal court jurisdiction bears the burden of showing that jurisdiction is proper. *Hartford Ins. Group v. Lou–Con Inc.,* 293 F.3d 908, 910 (5th Cir. 2002). Additionally, pro se litigants' pleadings are construed liberally and held to "less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Petitioner is a citizen of Mexico. (Dkt. No. 1).[1] He entered the United States at an unknown place on an unknown date, without inspection by an Immigration Officer, but

[1] When citing to the page numbers of any document in the record, the Court will cite to the page numbering of the Court's internal CM/ECF docket system, and not to the page numbers in the underlying documents.

represents he has lived in the United States for nearly two decades. (Dkt. Nos. 1 at 6, 9-1). He was issued a Notice to Appear on February 25, 2026. (*Id.*). On February 12, 2026, Petitioner filed a habeas petition, through counsel. *Lopez Arce v. Lyons*, No. 5:26-CV-00213, pet. (filed Feb. 12, 2026). The Court ordered Respondents to provide Petitioner a bond hearing within 90 days of the commencement of detention or to release petitioner from detention. *Lopez Arce v. Lyons*, No. 5:26-CV-00213, Dkt. No. 12 (S.D. Tex. July 6, 2026). Respondents represented that Petitioner was provided with a bond hearing on July 8, 2026, but the Immigration Judge denied Petitioner bond after finding him to be a flight risk. *Lopez Arce v. Lyons*, No. 5:26-CV-00213, Dkt. No. 14 (S.D. Tex. July 9, 2026). On July 24, 2026, Petitioner filed the instant petition challenging the denial of bond by the Immigration Judge (IJ). (Dkt. No. 1).

At Petitioner's bond hearing on July 8, 2026, he was denied bond on the basis of his risk of flight. (Dkt. No. 10). Petitioner reserved appeal of the bond decision and represents that he has a pending appeal with the Board of Immigration Appeals (BIA). (Dkt. Nos. 10, 11 at 12-13). Respondents argue that this Court does not have jurisdiction to review this discretionary bond decision by an IJ.

The Court agrees with Respondents and finds that Petitioner's new petition must be dismissed for lack of jurisdiction. Section 1226(e) deprives the Court of jurisdiction to review discretionary bond decisions by an IJ. This provision states that "[t]he Attorney General's discretionary judgment regarding the application of this section shall not be subject to review. No court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole." 8 U.S.C. § 1226(e); *see also Fuentes v. Lyons*, 808 F. Supp. 3d 733, 737 (S.D. Tex. 2025) (citing *Nielsen v. Preap*, 586 U.S. 392, 401 (2019)).

The Court cannot review Petitioner's claim because his continued detention is the result of the IJ's discretionary decision to deny bond. Petitioner challenges how the IJ weighed evidence at his custody redetermination. Petitioner references an audio recording from Petitioner's bond hearing which Respondents attached to their response. However, no such audio recording is apparent in the record available to the Court. Nevertheless, upon review of the evidentiary record submitted to the Court, including the Order of the Immigration Judge dated July 8, 2026, (Dkt. No. 10), the Court

determines that Petitioner received a bond hearing and an individualized review of his custody. The IJ determined that Petitioner posed a flight risk and bond was denied. (Dkt. No. 10). Petitioner's continued detention is the result of the IJ's discretionary decision to deny bond. Petitioner has not shown that his bond hearing was constitutionally inadequate. For these reasons, Respondents' motion to dismiss is granted because the Court lacks jurisdiction.

For the reasons stated above, Petitioner's Petition for Writ of Habeas Corpus Pursuant 28 U.S.C. § 2241 and Complaint for Declaratory Injunctive Relief, (Dkt. No. 1), is **DISMISSED.** All other relief requested by Petitioner is **DENIED**.

A final judgment will follow.

It is so **ORDERED**.

**SIGNED** on August 20, 2026.

John A. Kazen
United States District Judge